**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **BRENDA HELMERICHS,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE,** <br><br> **Defendant.** | ) | **No. 06-2189-CM** |

**MEMORANDUM AND ORDER**

Plaintiff Brenda Helmerichs alleges that defendant John Potter, Postmaster General of the United States Postal Service ("USPS") discriminated against her based on her gender and retaliated against her for reporting the alleged discrimination, both in violation of Title VII. The case is before the court on Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. 3). Because it appears that plaintiff exhausted her administrative remedies for some claims, but also may be alleging unexhausted claims, defendant's motion is granted in part and denied in part.

## I. Background

In 2004, plaintiff was an employee of the USPS. In the summer of 2004, plaintiff applied for two new positions. Although neither position was a higher pay grade or rank from plaintiff's position, plaintiff considered them advantageous. Plaintiff was not selected for either position. Plaintiff sought an explanation for her non-selection and questioned a supervisor, who explained that some customers and employees considered plaintiff "brash." Because plaintiff believed that the actual reason for her non-selection was her gender, plaintiff filed an EEO Complaint on November

12, 2004.

On May 9, 2006, plaintiff filed the present complaint. The complaint states that she has exhausted all administrative requirements and alleges that "plaintiff has been subjected to a pattern and practice of gender discrimination, by defendant's agents and employees, including but not limited to: (1) disciplinary actions; (2) disparate treatment; (3) lost promotions; and, (5) general deterioration of the terms, conditions and privileges of plaintiff's employment."

Defendant requests that the court dismiss plaintiff's case for lack of jurisdiction, based on plaintiff's failure to exhaust administrative remedies. Defendant provides affidavits and plaintiff's EEO Complaint.

## II. Standards for Judgment

Federal Rule of Civil Procedure 12(b)(1) allows a court to dismiss a complaint for lack of subject matter jurisdiction. There are two forms of attacking subject matter jurisdiction: facial and factual. A facial attack is based on the complaint's allegations, requiring the court to accept the allegations as true. A factual attack is based on the facts supporting the claimed subject matter jurisdiction, allowing the court "wide discretion" to review affidavits and other documents. *See Hartman v. Golden Eagle Casino, Inc.*, 243 F. Supp. 2d 1200, 1201 (D. Kan. 2003) (citing *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995)).

"[A] court lacks subject matter jurisdiction over a Title VII . . . case if the plaintiff fails to exhaust his administrative remedies before filing the case." *Handley v. K.C. Auto Holdings, Inc.*, No. 02-2019-GTV, 2002 WL 31527851, at *1 (D. Kan. Nov. 6, 2002) (citing *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996)). For the court to have subject matter jurisdiction, the claim at issue must be within the scope of the EEO Complaint and subsequent investigation. *See Jones v.*

*United Parcel Serv., Inc.*, 411 F. Supp. 2d 1236, 1252 (D. Kan. 2006) (citing *MacKenzie v. City & County of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005) ("A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can be reasonably expected to follow the charge of discrimination submitted to the EEOC.")).

**III. Analysis**

Defendant argues that plaintiff failed to exhaust her administrative remedies because her present claims differ from those in the EEO Complaint. Defendant stresses that plaintiff presently alleges that she lost promotions, but her EEO Complaint only examines non-selection for positions of equal or lower grade or rank. Defendant also states that plaintiff's EEO Complaint does not allege any disciplinary actions. Lastly, defendant contends that plaintiff will not be able to show any disparate treatment because the person selected for one of the relevant positions was female.

Plaintiff responds that all of her claims arise out of her EEO Complaint. Plaintiff agrees that the EEO Complaint does not address any disciplinary actions, but that the alleged incidents equal "de facto disciplinary actions." Plaintiff contends that regardless of whom was selected, plaintiff's supervisor disparately treated employees based on gender. Lastly, plaintiff acknowledges that the sought-after positions were not of a higher grade or rank, but that because plaintiff considered them advantageous, they were promotions.

It appears that the present arguments are not based on whether plaintiff exhausted her administrative remedies, but on the characterization of the facts that were included in plaintiff's EEO Complaint. While the court acknowledges that plaintiff's descriptions are potentially overly broad, plaintiff's allegations are based on her EEO Complaint. Defendant knows of this complaint and its underlying facts. This satisfies the purpose of the exhaustion requirement. *See Kearns v. Johnson Cty. Adult Det. Ctr.*, No. 05-3490, 2006 WL 148889, at *2 (D. Kan. Jan. 19, 2006) ("The

purposes of the exhaustion requirement are to provide notice of the alleged violation to the charged party, and to provide the EEOC with the opportunity to conciliate the claim."). Thus, to the extent that plaintiff's allegations arise out of her EEO Complaint, Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. 3) is denied. To the extent that plaintiff's allegations are unrelated to her EEO Complaint, Defendant's Motion to Dismiss for Lack of Jurisdiction is granted.

Further analysis is presently impossible because plaintiff omitted any statement of facts in her complaint. This approach is strongly discouraged. *See French v. Potter*, No. C2-03-1226, 2005 WL 1647740, at *3 (S.D. Ohio July 12, 2005) ("Because plaintiff's current suit fails to allege facts in support of his claim, the Court is unable to determine whether plaintiff's present suit is based on events already raised in plaintiff's EEOC complaint or more recent events."); *Wilkerson v. Snow*, No. Civ. A. 3:00-CV-1479-L, 2003 WL 21528235, at *5 (N.D. Tex. June 30, 2003) (granting dismissal in a similar situation, but where plaintiff did not file a response to defendants' motion to dismiss, "[plaintiff] has not presented adequate facts for the court to determine that she has exhausted her administrative remedies"). Although plaintiff's response demonstrates that her claims arise out of her EEO Complaint and investigation—vesting this court with jurisdiction—the court makes no present determination of whether the facts are otherwise sufficient to support the claims in plaintiff's complaint.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. 3) is granted in part and denied in part.

Dated this 23rd day of January 2007, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**